IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MARIO L. ORTIZ, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:19-CV-00167 |
| | ) | |
| ENDEAVOR ENERGY, | ) | Jury Trial Requested |
| RESOURCES, LP | ) | |
| | ) | |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COMES NOW, the Plaintiff, Mario L. Ortiz, complaining of the Defendant, Endeavor Energy Resources, LP, and would allege the following.

## PARTIES

1. The Plaintiff is a resident of Midland County, Texas.

2. The Defendant is a Texas corporation and may be served with process by serving its registered agent, Autry C. Stephens at 110 N. Marienfeld, Ste. 200, Midland, TX 79701.

## JURISDICTION

3. This action arises under in violation of Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination and retaliation.

4. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission.

## VENUE

5. This action properly lies in the Western District of Texas, where both the Plaintiff and Defendant reside.

## FACTS

6. Plaintiff was hired on or about May 2013 as a production engineer. For the first three years of his employment, Plaintiff received good performance evaluations and no disciplinary actions.

7. On or about the spring of 2016, Defendant hired a new Production Engineer Manager, Trey Krampf. Krampf was almost immediately critical of Plaintiff's performance In August 2016, Plaintiff was given a written disciplinary action.

8. On or about October 30, 2017, Krampf advised Plaintiff that he was being demoted from a production engineer to a well tech. Krampf sarcastically told Plaintiff he was "not an engineer" and that the field was a "better fit" for the Plaintiff. Plaintiff was the only Hispanic production engineer at the time of his demotion, and became the only well tech with an engineering degree.

9. On or about January 29, 2018 Plaintiff made an internal complaint of discrimination with the Defendant alleging national origin discrimination.

10. On or about January 30, 2018, Plaintiff discovered that he was locked out of his work computer and that his fuel card was deactivated.

11. In mid-February 2018, Cairy Phillips, HR Manager, advised Plaintiff that their investigation found no discrimination. She further stated that "here in U.S. being a hard worker does not mean anything." It is unclear why Defendant's human

resourcse manager referenced the United States when addressing Plaintiff.  Plaintiff is an American citizen.

12. On March 2, 2018, Plaintiff filed EEOC Charge 453-2018-00573 alleging discrimination and retaliation.

13. After complaining about discrimination, Plaintiff was excluded from several meetings and denied training requests.  This included a training request that was denied by Krampf in the Spring of 2017.  Krampf, instead sent a white engineer, Sean Foley, and a white well tech, Clay Carole.

14. On August 9, 2018, Plaintiff complained to Human Resources about an ongoing hostile work environment and retaliation.

15. On August 29, 2018, Defendant was issued a "first and final warning" for violating the company's Code of Conduct.   The stated reason for the discipline and threat of termination was "multiple bad faith claims of harassment, hostile work environment, retaliation and discrimination." In its "Plan for Improvement," Defendant was warned that the *lodging of discrimination complaints "is destructive to the workplace environment."*

## COUNT ONE – NATIONAL ORIGIN   DISCRIMINATION

16. The above allegations are re-alleged and adopted by reference.

17. Plaintiff asserts that Defendant's actions as stated above, including his demotion, discipline and the hostile working environment, were motivated his national origin (Hispanic) in violation of Title VII of the Civil Rights Act of 1964, as amended/

18.  Plaintiff requests trial by jury.

## **COUNT TWO – RETALIATION**

19. The above allegations are re-alleged and adopted by reference.

20. Plaintiff asserts that Defendant's conduct as stated above, including a hostile working environment, disciplining Plaintiff for protected activity, and threatening Plantiff with termination for future protected activities, are unlawful retaliations prohibited by Title VII of the Civil Rights Act of 1964, as amended.

21. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Instatement to the production engineer position;

2. Lost wages and benefits;

3. If reinstatement is not feasible, the value of future lost wages and benefits;

4. Compensatory damages;

5. Punitive damages;

6. Attorney's fees;

7. Plaintiff's costs;

8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*/s/ John A. Wenke*
_____
JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax: (915) 351-9955
State Bar No. 00788643
lawoffice@johnwenke.com.